EL PUEBLO DE PUERTO RICO, peticionario, *v.* TRIBUNAL SUPERIOR DE PUERTO RICO, SALA DE SAN JUAN, HON. DANIEL E. LÓPEZ PRITCHARD, demandado.

*Número:* C-65-115          *Resuelto:* 20 de enero de 1966

*J. B. Fernández Badillo, Procurador General, y Peter Ortiz, Procurador General Auxiliar,* abogados del peticionario. El demandado no compareció.

PER CURIAM: Julio Mercado Mendoza fue procesado por una infracción al Art. 8 de la Ley de Armas, 25 L.P.R.A. sec. 418, consistente en que portaba sobre su persona un arma de fuego cargada. Apreciada en la forma más favorable al acusado la prueba demuestra que en horas de la madrugada —entre 3:30 y 4:00 A.M.—Mercado se dirigía al club que tiene establecido la Policía Estatal en Gurabo con el fin

---

(5) Véase, además, *South P.R. Sugar Corporation* v. *Junta Azucarera de P.R.,* JA-65-2.

de practicar el tiro al blanco; que para ello llevaba en el automóvil un revólver *cargado*, envuelto en una bayeta y colocado en una pequeña caja dentro de la gaveta del vehículo; que mientras se dirigía a su destino tuvo un accidente como consecuencia del cual el auto quedó inservible; que para "proteger" el arma y evitar que pudiera utilizarse en la comisión de un delito, la sacó de la gaveta y se la colocó debajo de la camisa. Se le ocupó el arma al ser registrado en el lugar del accidente por un sargento de la policía luego de habérsele arrestado por conducir bajo la influencia de bebidas embriagantes.

Un tribunal de derecho lo declaró culpable. Se solicitó la reconsideración por la defensa fundándose en que la Ley de Armas (*felony*) no era aplicable ya que el revólver estaba inscrito conforme a las disposiciones de la Ley de Tiro al Blanco, 15 L.P.R.A. secs. 371 y ss. Así lo resolvió el juez de instancia, quien determinó que la sentencia sería impuesta conforme a esta última ley (*misdemeanor*). Decidimos revisar esta resolución.

El Art. 35 de la Ley Núm. 17 de 19 de enero de 1951, 25 L.P.R.A. sec. 445, establece que la Ley de Armas no se aplicará a la posesión y portación de armas de tiro al blanco para lo cual regirán las leyes vigentes sobre la materia. A simple vista parecería que la conducción en forma contraria a la ley[1] de un arma que se utiliza para la práctica de dicho deporte no está regida por las conocidas disposiciones sobre portación de armas. Ahora bien, el Art. 5 de la Ley de Tiro al Blanco, *supra*, provee que la licencia de tirador faculta al poseedor para portar armas comunes de tiro al blanco

---

[1] El Art. 5 de la Ley de Tiro al Blanco dispone que la licencia de tirador no autoriza en ningún caso a portar armas en un bolsillo, en las manos, o en la cintura, o en funda o baquetas que cuelguen del cinturón, del hombro, o de parte alguna de la anatomía humana, sino que se portarán en todo momento en una caja, maletín o estuche y las armas *deberán estar siempre descargadas*, excepto en el sitio usual de práctica o en el lugar en que se celebre un campeonato, y durante tales prácticas o campeonatos.

desde su residencia hasta el sitio usual de práctica siempre que dichas armas estén inscritas en el Registro de Armas de Tiro al Blanco; "Disponiéndose, que cualquier persona con licencia de tirador a quien se ocupare un arma en ocasión distinta a las autorizadas por las disposiciones de esta sección incurrirá en delito de portación ilegal de armas y estará sujeta a las penalidades prescritas por ley". Vemos pues como la propia ley que reglamenta el deporte remite a la ley general sobre la materia para castigar, como una modalidad del delito común de portación de armas, la conducción no autorizada o en forma contraria a la ley de un arma de tiro.(²) Como se señala por el Procurador General los precedentes históricos—Art. 2a de la Ley Núm. 59 de 7 mayo de 1937 (Leyes, pág. 188), Art. 4a de la Ley Núm. 16 de 19 de enero de 1951 (Leyes, pág. 413)—también sostienen claramente esta conclusión.

*Se dejará sin efecto la resolución del Tribunal Superior, Sala de San Juan, de 30 de agosto de 1965, y se devolverá el caso para ulteriores procedimientos consistentes con esta opinión.*

---

(²) El único delito que específicamente se castiga en la Ley de Tiro al Blanco se refiere a la falsedad en la declaración jurada que se acompañe a la solicitud de licencia original.